IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICHOLAS R. SANDEFUR, )<br>)<br>Defendant. )<br>_____) | **CRIMINAL ACTION**<br><br>No. 06-10184-01 |

**MEMORANDUM AND ORDER**

The issue before the court is whether defendant is competent to stand trial. On October 16, 2007, the court held a competency hearing pursuant to 18 U.S.C. § 4241. The court heard expert testimony from psychologists Leslie Powers on behalf of the government and Jeff Lane on behalf of defendant.

For the reasons stated below, the court finds defendant competent to stand trial.

**I.   Background**

On November 14, 2006, the government filed a superseding indictment charging defendant with possession with intent to distribute methamphetamine, possession of a firearm during and in relation to a drug trafficking crime, unlawful user of a controlled substance in possession of a firearm and possession of a firearm that was not registered to defendant. On January 4, 2007, defendant filed a motion for psychiatric evaluation to determine mental competency to stand trial. (Doc. 30). The court ordered defendant to be examined by a psychiatrist or psychologist. (Doc. 32). The government then filed a motion to have defendant examined by its expert. (Doc. 35).

The court granted that motion. (Doc. 37).

Defendant was examined by licensed psychologist Jeff Lane on January 19 and 20. Lane concluded that defendant is not competent to stand trial. On June 21, defendant was sent to the Federal Correctional Institution (FCI) in Fort Worth, Texas where he was examined by psychologist Leslie Powers and others. Defendant remained at FCI for testing until August 6. Powers concluded that defendant is competent to stand trial. At a hearing on September 24, 2007, the court determined that an evidentiary competency hearing was required. Accordingly, that hearing was held October 16 and both psychologists testified. Additionally, defendant's mother and sister also testified.

**II. Analysis**

18 U.S.C. § 4241 requires that if the court finds by a preponderance of the evidence that defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." In determining competency, the court must consider "(1) whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of understanding; and (2) whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed.2d 824 (1960). "The district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." United States v. Mackovich, 209 F.3d 1227,

1232 (10th Cir. 2000). The presence of some degree of mental disorder does not, standing alone, mean that defendant is incompetent to assist in his own defense. See id. at 1233. The burden of establishing defendant's competency rests with the government. United States v. Frank, 956 F.2d 872, 875 (9th Cir. 1991).

Both psychologists administered a variety of tests to determine defendant's competency. Powers examined defendant over a period of one and one-half months at FCI. In addition to interviewing and testing defendant, Powers monitored defendant's phone calls and also observed his daily interactions with other inmates and staff. Powers examined defendant's family, academic and work histories and discussed those with defendant. Powers administered four psychological tests which showed defendant's intelligence to be in the borderline range according to the Weschler Abbreviated Scale of Intelligence. However, Powers determined that defendant's objective test results were indicative of a person who intentionally chose incorrect answers and that the results were a "statistical impossibility." Powers did state that defendant had some difficulty with memory tasks, but that he did not exhibit any short term memory problems during his daily interactions with other inmates and staff and in communications with outside individuals over the telephone. There were also no indications of bizarre or abnormal behavior while he was at FCI. Powers testified that although defendant initially failed the Georgia Court Competency test, which questions a patient about the judicial process, he then adequately answered the same questions on two later occasions.

Powers concluded that defendant is competent to stand trial and recommends that defense counsel verbally clarify written documents and pay special attention to defendant's understanding of legal terminology.[1]

Lane examined defendant over a period of two days and administered a total of ten tests.  Lane admitted, however, that he questioned the validity of at least two of the tests because defendant's answers were so abnormal that they indicated psychosis but there was no evidence that defendant had exhibited any signs of psychosis.  Nevertheless, Lane expressed his concern that defendant would easily get confused on cross examination and be unable to assist in his defense since he would likely forget testimony that was given by witnesses.

The court has serious reservations regarding the foundation for, and the adequacy of, Lane's opinion that defendant is not competent. At the outset of his testimony, Lane stated, "I have not had time to prepare and go over the material carefully so I may be a bit slow, stumbling a bit."  Lane's statement was entirely prophetic. Throughout the hearing, Lane repeatedly stated that he did not remember asking defendant certain questions.  His notes were incomplete, at best.  In particular, Lane did not recall whether he questioned defendant about his understanding of the proceedings

---

[1] This recommendation does not demonstrate lack of competency. If it did, then the hundreds of illegal aliens who have been processed through this court, the vast majority of whom have little or no formal education and no prior understanding of our judicial system, would be deemed incompetent.  The same is true of a measure of "intelligence." Sadly, a significant number of persons charged with crime are of "low intelligence" but that does not render them incompetent.

-4-

against him. Most importantly, Lane was not even aware of the charges against defendant in order to make an assessment that defendant did, in fact, understand the charges. Upon questioning defendant, Lane was informed that defendant was in custody because he did not finish his drug treatment program. Lane apparently accepted defendant's statement at face value. Lane stated that he does not recall asking defendant the roles of different individuals in the judicial system and whether defendant understood the proceedings. While Lane's report notes that defendant suffers from a brain injury, Lane could not recall the nature of the injury or what caused the supposed brain injury. Lane admitted that he was never supplied with defendant's medical records. Therefore, there is no evidence of brain injury.

Although defendant does not have the burden of persuasion, he has not put forth any reliable evidence that he is not competent to understand the proceedings against him. Thus, the only question before the court is whether defendant has the "ability to consult with his lawyer with a reasonable degree of understanding."

Lane concluded that defendant is not competent because his short term memory loss would prevent him from assisting his counsel in his defense. Lane came to this conclusion after reviewing the results of the numerous tests administered.

Memory loss, standing alone, can affect competency but it does not automatically indicate that a defendant is not competent. United States v. Davis, 1999 WL 29160 *6 (10th Cir. Jan. 26, 1999)(citing United States v. Borum, 464 F.2d 896, 900 (10th Cir. 1972)). After reviewing the written reports and hearing the psychologists' testimony, the court does not find Lane's opinion to be credible or

-5-

adequately supported.  The court is persuaded by Powers' testimony that defendant was observed over a significant period of time during which she did not identify any problems or concerns with his short term memory that would affect his ability to assist counsel.

Finally, during questioning by the court, defendant did not seem to be confused and clearly answered the court's questions.  Also, at no time has the court observed defendant to be confused as to the proceedings during court or acting in any way abnormal.  While defendant may (or may not) have some memory problems, the court finds that evidence is insufficient to establish that these problems will adversely affect his ability to consult with his lawyer with a reasonable degree of understanding.

### III. CONCLUSION

It is therefore ordered that defendant is found competent to stand trial.  The clerk is directed to set this case for trial.

IT IS SO ORDERED.

Dated this __23rd__ day of October 2007, at Wichita, Kansas.

<pre>
                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
</pre>